IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**KRISTOPHER OWEN DANIELS,**

        **Plaintiff,**

v.                                            **CIVIL ACTION NO. 3:22-CV-111**
                                                        **(GROH)**

**SHIRK,
HAZELTON USP MEDICAL,
HAZELTON USP COMPOUND,
LT. PEREZ,
LT. BARBER, and
GABBY (ASSISTANT WARDEN)**

        **Defendants.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On June 29, 2022, the *pro se* Plaintiff, who is a federal prisoner incarcerated at USP Hazelton, initiated this case by filing an action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), claiming his Constitutional rights were violated. ECF No. 1.[1] Plaintiff paid the full filing fee on July 14, 2022. ECF No. 4.

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the complaint be denied and dismissed

---

[1] All CM/ECF numbers cited herein are from the instant case, 3:22-CV-111, unless otherwise noted.

with prejudice.

## II.  FACTUAL AND PROCEDURAL HISTORY

Plaintiff's complaint lists six defendants: (1) Shirk, Unit Manager ("Shirk"); (2) Hazelton USP Medical ("Hazelton Medical"); (3) Hazelton USP Compound ("Hazelton Compound"); (4) Lt. Perez ("Perez"); (5) Lt. Barber ("Barber"); and (6) Gabby, Assistant Warden ("Gabby").  ECF No. 1.  Plaintiff asserts the following claims for relief: (1) that on or about September 14, 2020, Shirk disregarded Plaintiff's safety, by placing a newly-arrived inmate, Henderson, in Plaintiff's cell, which effectively broke Plaintiff's quarantine after six days of isolation; (2) that on or about September 23, 2020, Perez, Barber and Gabby unnecessarily prolonged Plaintiff's quarantine for an additional 14 days until October 7, 2020; (3) that on or about September 22, 2020, Hazelton Medical neglected to administer a second COVID-19 test swab to Plaintiff resulting in an "unnecessary lengthy quarantine"; (4) that from about September 22, 2020 through October 7, 2020, Hazelton Compound neglected to properly maintain Plaintiff's quarantine records and safety protocols, resulting in a 29-day quarantine; (5) that on or about October 6, 2020, Shirk broke Plaintiff's quarantine and put him at risk by placing another inmate, Brayboy,[2] in his cell; (6) that on or about September 22, 2020 through October 6, 2020, Plaintiff was restricted from forwarding and receiving mail; (7) that on or about September 22, 2020 through October 6, 2020, Plaintiff was restricted from any out of cell recreation activities during his quarantine; and (8) that on or about October 6, 2020, Shirk left Plaintiff's property outside of cell 103 for twenty-four hours and neglected to manage testing and quarantine records.  ECF No. 1 at 6 – 10.

---

[2] Although the complaint is generally legible, this third inmate's name is not legibly printed in Claim 5, and thus it is unclear whether this is the correct spelling of the inmate's name.  ECF No. 1 at 8.

2

Plaintiff asserts the following injuries: (1) Plaintiff's First Amendment rights were violated when he was restricted from sending and receiving mail; (2) Plaintiff's Eighth Amendment rights were violated when Plaintiff was held "excessively" in quarantine without positive COVID-19 test results; (4) Plaintiff's Eighth Amendment rights were violated when he was restricted from out of cell exercising; (5) Plaintiff's Eighth Amendment rights were violated when his quarantine was broken on two separate instances; and (6) Plaintiff's Fourteenth Amendment was violated when his quarantine became "excessive." Id. at 8. In his request for relief, Plaintiff asks the court to award him monetary damages in the amount of $980,000. Id.

### III.  LEGAL STANDARD

Because plaintiff is a prisoner seeking redress from the Government, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

#### A.    Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a

defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless." Id.

### B. Civil Rights Actions Under Bivens.

In Bivens, supra, the Supreme Court recognized that claimants may assert a cause of action for damages caused by federal agents. In FDIC v. Meyer, 510 U.S. 471, 484 - 86 (1994), the Court held that federal agencies may not be held liable in a Bivens claim, writing, "*Bivens* from its inception has been based . . . on the deterrence of individual officers who commit unconstitutional acts." Id. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 71 (2001).

Pursuant to Bivens, an individual federal agent may be found liable for actions "in

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

4

excess of the authority delegated to him." 403 U.S. at 397. "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001). The Supreme Court further explained in Malesko:

> If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

534 U.S. at 72. Further, in a Bivens case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights. Wright v. Smith, 21 F.3d 496, 501 (2nd Cir. 1994); See Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988) ("section 1983 claims[4] [have] the additional pleading requirement that the 'complaint contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'").

## IV. ANALYSIS

A review of the complaint pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiff fails to present a claim upon which relief can be granted. The Prison Litigation Reform Act (PLRA) of 1996, placed an important limitation upon all actions arising from incarceration, requiring proof of physical injury arising from the allegedly unconstitutional condition. Under 42 U.S.C. § 1997e(e), no recovery of monetary damages is allowed for emotional stress:

> No Federal civil action may be brought by a prisoner

---

[4] The Court notes that Bivens actions and § 1983 actions are both civil rights actions, and that Bivens actions regarding deprivation of civil rights are the federal counterpart to state actions authorized by 42 U.S.C. § 1983.

> confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

See Munn Bey v. Department of Corrections, 839 F.Supp.2d 1 (D.D.C. 2011),

Here, Plaintiff seeks $980,000 in monetary damages for violation of his First, Eighth and Fourteenth Amendment rights. ECF No. 1 at 8. However, Plaintiff does not allege he suffered any physical ailment or injury. Further, he fails to even allege that any physical injuries he might have suffered were the result of the events he describes in his complaint. Even if Plaintiff had stated a claim upon which relief could be granted, he is ineligible to receive monetary damages unless he has demonstrated prior physical injury, which is not present here. Accordingly, Plaintiff is not entitled to monetary relief, and his claim must be dismissed with prejudice.

Further, regardless of the merit of any claims raised by Plaintiff, the Court recognizes that Hazelton USP Medical and Hazelton USP Compound are improper defendants in a Bivens claim. In FDIC v. Meyer, 510 U.S. 471, 486 (1994), the Supreme Court held that Bivens claims may not be brought against a federal agency, and that federal agencies[5] may not be held liable in a Bivens claim. Because Hazelton USP Medical and Hazelton USP Compound are improperly named as defendants in a Bivens actions, the complaint must be dismissed with prejudice as to those defendants.

As to the other four named Defendants, Shirk, Perez, Barber, and Gabby,

---

[5] The Court further notes that in the context of a tort claim action, 28 U.S.C. § 2680(f) "immunizes the Government from suit for damages proximately caused by the decision whether to impose a quarantine and any actions undertaken by the Government to carry out the purposes of the quarantine. The Government retains this immunity even if it acts negligently in carrying out the quarantine." Wallace v. United States Dep't of Just., No. 5:21-CT-3035-D, 2021 WL 2853692, at *2 (E.D.N.C. June 24, 2021), aff'd, No. 21-7017, 2022 WL 1024613 (4th Cir. Apr. 6, 2022).

regardless of any qualified immunity they may have, Plaintiff does not allege facts that establish a claim that his prison conditions were unconstitutional. "[I]n order to withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993). Here, Plaintiff failed to allege that he suffered any physical injury as a result of the challenged conditions. Accordingly, for all of the above reasons, the complaint must be dismissed with prejudice as to those defendants.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED WITH PREJUDICE**, based on Plaintiff's failure to state a claim upon which relief can be granted.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas

v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 30, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE