IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**KRISTOPHER OWEN DANIELS,**

      **Plaintiff,**

v.                                                                CIVIL ACTION NO. 3:22-CV-111
                                                                        (GROH)

**SHIRK, HAZELTON USP MEDICAL,
HAZELTON USP COMPOUND,
LT. PEREZ, LT. BARBER, and
GABBY (ASSISTANT WARDEN),**

      **Defendants.**

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on November 30, 2022. ECF No. 5. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court dismiss the Plaintiff's Complaint. The Plaintiff timely filed objections to the R&R on December 19, 2022. ECF No. 7. The same day, the Plaintiff filed a Motion for Leave to Amend his Complaint. ECF No. 8.

### I. BACKGROUND

On June 29, 2022, Kristopher Owen Daniels ("Plaintiff"), filed a Complaint alleging various Defendants violated his constitutional rights through various actions and omissions related to BOP procedures and actions taken in response to COVID-19.

Upon reviewing the record, the Court finds that the facts as explained in the R&R

accurately and succinctly describe the circumstances underlying the Plaintiff's claims. For ease of review, the Court incorporates those facts.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a

clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

Upon review of all the filings in this matter, the Court finds that the Plaintiff has presented no new material facts or arguments in his objections to the magistrate judge's R&R. The Plaintiff's Complaint does not come close to advancing a recognized, plausible Bivens claim. After the R&R was entered, the Plaintiff filed a Motion for Leave to Amend,

which the Court has carefully reviewed. The Court finds amendment, as described in the Plaintiff's Motion, would be futile and is therefore not warranted. The Plaintiff's Motion for Leave to Amend is **DENIED**. ECF No. 8. The Court finds that de novo review is not required. Nonetheless, the Court finds that Magistrate Judge Trumble's R&R reached the proper conclusion after thoroughly and adequately addressing the relevant legal issues applicable to this case.

## IV. CONCLUSION

Finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 5] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.

The Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. ECF No. 1. The Clerk of Court is **DIRECTED** to remove this matter from the Court's active docket.

The Clerk of Court is further **DIRECTED** to mail a copy of this Order to the pro se Plaintiff via certified mail at his last known address as reflected upon the docket sheet.

**DATED:** March 16, 2023

GINA M. GROH
UNITED STATES DISTRICT JUDGE